UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JAMES ZEMAITIS,

    Plaintiff,

-vs-

ORACLE AMERICA, INC.,
a Foreign Profit Corporation,

    Defendant.

Case No. 22-cv-

Hon.

---

Jennifer Lossia McManus (P65976)
Ryan O. Rosenberg (P84530)
Fagan McManus, P.C.
Attorneys for Plaintiff
25892 Woodward Avenue
Royal Oak, MI  48067-0910
(248) 542-6300
jmcmanus@faganlawpc.com
rrosenberg@faganlawpc.com

---

## COMPLAINT AND JURY DEMAND

There is no other pending or resolved civil action
arising out of the transaction or occurrence
alleged in the Complaint.

NOW COMES Plaintiff, JAMES ZEMAITIS, by and through his attorneys, FAGAN MCMANUS, P.C., and for his cause of action against the Defendant, states as follows:

## JURSIDCTIONAL ALLEGATIONS

1. Plaintiff, JAMES ZEMAITIS (hereinafter referred to as "Plaintiff"), is an individual residing in the City of Royal Oak, County of Oakland, State of Michigan.

2. Defendant, ORACLE AMERICA, INC., (hereinafter referred to as "Defendant" or "Oracle"), is a Foreign Profit Corporation with its headquarters located in Redwood Shores, California.

3. At all times pertinent hereto, Oracle did conduct business in the State of Michigan.

4. At all times pertinent hereto, Plaintiff worked out of his home in Royal Oak Michigan and/or out of an Oracle facility in Troy, Michigan.

5. This Court has jurisdiction pursuant to 28 U.S.C. § 1331 (federal question jurisdiction) and 28 U.S.C. § 1332 (diversity jurisdiction).

6. The amount in controversy is in excess of $75,000.00, exclusive of all interest, costs, attorney fees and punitive damages.

## GENERAL ALLEGATIONS

7. Plaintiff's date of birth is October 21, 1963.

8. Plaintiff began his employment with Defendant in 1996.

9. Plaintiff's last position with Defendant was Group Vice President.

10. Plaintiff performed well throughout his employment with

Defendant.

11. In June 2020, Plaintiff began reporting to a new Senior Vice President, Pat Mungovan.

12. Mungovan often told Plaintiff that Plaintiff operated in a "legacy capacity, legacy thinking, or with legacy motions" rather than a modern business model, with the implication being that Plaintiff operated as an older worker.

13. Mungovan regularly hired and promoted younger workers, kept the older workers in the "legacy" license roles, and failed to provide older workers an opportunity to work in Oracle's more lucrative and strategic aligned cloud-based business.

14. In early September 2021, Mungovan combined Plaintiff's organizational group with another organizational group.

15. Shortly thereafter, Plaintiff was notified that a younger, less experienced employee who is in his mid-40s was taking over the leadership of Plaintiff's organizational group in addition to the one that the younger employee already managed.

16. Plaintiff was never considered for the newly combined organizational leadership role.

17. The newly combined organizational leadership role was never

openly posted, Plaintiff was never interviewed or considered for the position, and it was never discussed with him prior to the announcement that it was decided.

18. Plaintiff was fully qualified for the newly combined organizational leadership role.

19. Plaintiff was more qualified for the newly combined organizational leadership role than the younger, less experienced individual that was given the role.

20. Plaintiff had 10 more years of experience and longevity with Defendant than the younger, less experienced individual that was given the role.

21. In addition, prior to this leadership change, Defendant failed to conduct its standard career planning and performance review discussions with Plaintiff even though Plaintiff submitted his required self-appraisal validating high performance, abilities and desire for more responsibility within the requested time frame.

22. Plaintiff was notified that he was terminated less than thirty days after the creation of the new organizational leadership role, on September 29, 2021.

23. In On December 7, 2021, Plaintiff filed a Charge of Discrimination

with the Equal Employment Opportunity Commission ("EEOC") alleging age discrimination in violation of the Age Discrimination in Employment Act.

24. Over 60 days have passed on Plaintiff's filing of the EEOC Charge, therefore, Plaintiff has initiated this lawsuit.

## COUNT I
## VIOLATION OF THE AGE DISCRIMINATION IN EMPLOYMENT ACT

25. Plaintiff incorporates the above paragraphs as if specifically repeated herein.

26. At all times pertinent hereto, Plaintiff was qualified for protection against age discrimination under the Age Discrimination in Employment Act of 1967, as amended (hereinafter "ADEA").

27. Pursuant to the ADEA, specifically 29 U.S.C. §623(a), it shall be unlawful for an employer:

   a. to discharge any individual or otherwise discriminate against an individual with respect to his compensation, terms, conditions, or privileges of employment, because of such an individual's age.

28. Defendant is an employer within the meaning of the ADEA.

29. Defendant discriminated against Plaintiff because of his age and violated the ADEA in the following particulars:

   a. Unlawfully terminating Plaintiff's employment due to his age;

      b.     Replacing Plaintiff with a younger employee;

      c.     Failing to consider Plaintiff for the newly combined organizational role;

      d.     Other acts of discrimination to be determined through discovery.

30.    As a direct and proximate result of Defendant's discriminatory conduct toward Plaintiff in violation of the ADEA, Plaintiff has suffered and in the future will suffer damages including, but not limited to:

      a.     Loss of wages and other forms of compensation, both in the past and in the future, including:

            i.    The loss of wages;

           ii.    The loss of commissions;

           iii.    The lost value of restricted stock unit options;

           iv.    The loss of promotional opportunities;

           v.    The loss of earning capacity;

           vi.    Other damages to be determined.

31.    The above-referenced discriminatory conduct by Defendant toward Plaintiff was willful and, as a result, Plaintiff is entitled to liquidated damages pursuant to 29 U.S.C. §626(b).

32.    Plaintiff is also seeking equitable relief, including back-pay, front-

pay, or other equitable relief the Court deems appropriate.

WHEREFORE, Plaintiff prays that this Honorable Court enter Judgment against Defendant, in whatever amount the Court or Jury determines to be fair, just, and adequate compensation for the injuries and damages sustained, past and future, together with interest, costs, an award of attorney fees, and an award of liquidated damages. Plaintiff is also seeking equitable relief, including back-pay, front-pay, or other equitable relief the Court deems appropriate.

## COUNT II
## VIOLATION OF ELLIOTT-LARSEN CIVIL RIGHTS ACT

33. Plaintiff incorporates the above paragraphs as if specifically repeated herein.

34. Defendant is an employer as defined pursuant to §201(a) of the Elliott-Larsen Civil Rights Act (hereinafter "ELCRA").

35. Pursuant to §202 of the ELCRA, an employer shall not:

   a. fail or refuse to hire or recruit, discharge, or otherwise discriminate against an individual with respect to employment, compensation, or a term, condition or privilege of employment, because of … age.

36. Defendant discriminated against Plaintiff because of his age and violated the ELCRA in the following particulars, including, but not limited to:

    a.    Terminating Plaintiff's employment and replacing him with a substantially younger and less experienced individual;

    b.    Failing to consider Plaintiff for the newly combined leadership role;

    c.    Other acts of discrimination to be determined through discovery.

37. As a direct and proximate result of Defendant's discriminatory conduct toward Plaintiff, Plaintiff has suffered and in the future will suffer damages including, but not limited to:

    a.    Loss of wages and other forms of compensation including commissions and company stock, both in the past and in the future;

    b.    Loss of the value of benefits, both in the past and in the future;

    c.    Loss of promotional opportunities;

    d.    Loss of earning capacity;

    e.    Extreme embarrassment, humiliation, mental anguish, disappointment, outrage and indignity;

    f.    Exemplary damages;

    g.    Other damages to be determined.

38. Plaintiff also seeks equitable relief including back-pay, front-pay, or other equitable relief the Court deems appropriate.

WHEREFORE, Plaintiff prays that this Honorable Court enter

Judgment against Defendant, in whatever amount the Court or Jury determines to be fair, just, and adequate compensation for the injuries and damages sustained, past and future, together with interest, costs, and an award of attorney fees. Plaintiff is also seeking equitable relief, including back-pay, front-pay, or other equitable relief the Court deems appropriate.

        Respectfully submitted,

        FAGAN MCMANUS, P.C.

        By: /s/ *Jennifer L. McManus*
           Jennifer L. McManus (P65976)
           Attorney for Plaintiff
           25892 Woodward Avenue
           Royal Oak, MI 48067-0910
           (248) 542-6300

Dated: February 7, 2022         jmcmanus@faganlawpc.com

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JAMES ZEMAITIS,

    Plaintiff,

-vs-

ORACLE AMERICA, INC.,
a Foreign Profit Corporation,

    Defendant.

Case No. 22-cv-

Hon.

---

## **PLAINTIFF'S DEMAND FOR JURY TRIAL**

NOW COMES the above-named Plaintiff, by and through his attorneys, FAGAN MCMANUS, P.C., and hereby demands trial by jury on the above matter.

    Respectfully submitted,

    FAGAN MCMANUS, P.C.

    By: /s/ *Jennifer L. McManus*
       Jennifer L. McManus  (P65976)
       Attorney for Plaintiff
       25892 Woodward Avenue
       Royal Oak, MI  48067-0910
       (248) 542-6300
Dated:  February 7, 2022       jmcmanus@faganlawpc.com